IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAVATREE, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SHAWNEE MISSION TREE SERVICE, INC. d/b/a ARBOR MASTERS, GETTH NELSON, FRANCISCO ANDRADE, CODY CAUDILL, and LUIS CASTRO,<br><br>　　　　　Defendants. | Civil Action No. 3:22-CV-02052-K |

## ORDER

Federal courts are vested with subject-matter jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," or where the case in controversy exceeds $75,000 and is between citizens of different states, or between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. §§ 1331, 1332(a)(1)-(2). A federal court has no power to adjudicate claims where subject-matter jurisdiction does not exist and, consequently, must dismiss the action. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *see* Fed. R. Civ. P. 12(h)(3). The Court has an obligation to examine its subject-matter jurisdiction *sua sponte* at any time. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be

1

policed by the courts on their own initiative even at the highest level."). Subject-matter jurisdiction may not be waived. *See Ruhrgas AG*, 526 U.S. at 583.

SavATree, LLC ("Plaintiff") filed its Complaint in this Court on September 15, 2022, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Doc. No. 1 ¶ 26. The amount in controversy does not appear to be in question. However, the diversity of the parties' citizenship is unclear. The parties' citizenship must be completely diverse in that one of the plaintiffs cannot share the same state citizenship as one of the defendants. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "When jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

> First, in discussing individual Defendants, Plaintiff states:
>
> 22. Nelson is an individual who, upon information and belief, *resides* at 1712 Sheffield Place, Fort Worth, Texas 76112 . . . .
>
> 23. Andrade is an individual who, upon information and belief, *resides* at 414 Stonecreek Drive Arlington, Texas 76014 . . . .
>
> 24. Caudill is an individual who, upon information and belief, *resides* at 1980 Winningkoff Road, Allen, Texas 75002-8508 . . . .
>
> 25. Castro is an individual who, upon information and belief, *resides* at 1819 Harlandale Avenue, Dallas, Texas 75216 . . . .

Doc. No. 1 ¶¶ 22-25 (emphasis added). Plaintiff improperly equates residence with citizenship. "An allegation of residency, however, does not satisfy the requirement of an allegation of citizenship." *Neely v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18

(5th Cir. 1985) ("We admonish counsel generally to fulfill strictly their obligation to allege diversity by alleging citizenship, not residence."). Citizenship and residence are not synonymous terms. *See Robertson v. Cease*, 97 U.S. 646, 648, 24 L.Ed. 1057 (1878). "In determining diversity jurisdiction, the state where someone establishes domicile serves a dual function as his state of citizenship . . . . Domicile requires the demonstration of two factors: residence and the intention to remain." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citations and internal quotation marks omitted). Mere allegations of residential addresses for Defendants Nelson, Andrade, Caudill, and Castro are not sufficient for establishing diversity jurisdiction.

Further, the citizenship of a limited liability company ("LLC") is determined by the citizenship of its members. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) (diversity jurisdiction is determined by the citizenship of "all the members" of the unincorporated entity or limited partnership); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008) (the citizenship of an LLC is determined by the citizenship of all its members). Plaintiff states that it is "a Delaware limited liability company, which is authorized to conduct business within the State of Texas, and has locations in Dallas, Fort Worth, Anna, and Houston, Texas. [Plaintiff's] principal place of business is Bedford Hills, New York. [Plaintiff] has *three individuals as its members*; they are *residents* of New York, Pennsylvania, and Connecticut." Doc. No. 1 ¶ 20 (emphasis added). However, the allegations of an LLC's citizenship must include the identity of each member as well as each member's citizenship. *Settlement Funding, L.L.C.*

3

*v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); *Hise Real Estate Invs., LP v. Great Lakes Ins. SE*, 2021 WL 217264, at *3 (E.D. Jan. 21, 2021). Moreover, if any member of the LLC is itself an unincorporated association such as a partnership or LLC, the Court must "know the citizenship of each 'sub-member' as well." *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010). Here, Plaintiff fails to specifically identify each of its members. Additionally, because residency does not equate to citizenship, the citizenship of each member is also unclear.

Federal courts "must presume that a suit lies outside [their] limited jurisdiction," and the party seeking the federal forum bears the burden of establishing federal jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)). Plaintiff has not met this burden.

Accordingly, the Court **ORDERS** Plaintiff to amend its Complaint to address the issues outlined above by October 21, 2022. Each party's Certificate of Interested Persons / Disclosure Statement must properly reflect the citizenship of all parties, including the members of any relevant LLC. Failure to properly comply with this Order will result in a dismissal of this case without prejudice.

**SO ORDERED.**

Signed October 6th, 2022.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE